IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

KELVIN E. BROWN, #207902
    PLAINTIFF,

V.                                Civil Action No. 7:09 cv 00180

TRACY S. RAY, et al.
    DEFENDANTS

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 14 2009
JOHN F. CO[...]
BY:
DEPUTY CLERK

## OPPOSING AFFIDAVITS

COME NOW the PLAINTIFF, IN opposing AVER AFFIDAVITS AND APPROPRIATE documents AND MATERIAL, to "ANSWER" submitted by COUNSEL of the DEFENDANTS, ON August 31, 2009.

In response to defendants counsel's response to Plaintiff's claims: "Answers", submitted to courts and Plaintiff on August 31, 2009 - Plaintiff submit this Rebuttal:

Response, Defendants: First Defense
Plaintiff states; Defendants have infringed upon his First Amendment Constitutional Right to practice his Faith and Religion - Free Exercise Clause -, without being placed under any substantial burden(s). The Constitution of the State of Virginia (Section 16), and those governing policies and operating procedure (841.3) of Virginia Dept. of Corrections guarantees each prisoner these same binding Liberty Interest Rights
The Religious Land Use and Institutionalized Person Act 2000 - 42 U.S.C. § 2000-cc-2(A) states; "A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government (or its agents). Standing to assert a claim or defense under this section shall be governed by the general rules of standing under Article III of the Constitution."
Plaintiff asserts, 42 U.S.C. § 2000 cc-1(A) "No government (or agent) shall impose a substantial burden on the religious exercise of person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government (or its agent) demonstrates that imposition

of the burden on that person is (1) in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

The Defendants have imposed a substantial burden on Plaintiff, in that, denial of Religious publications are not the least restrictive means - It's the maximum means. Red Onion State Prison is a punitive segregation unit. Plaintiff is confined to his cell 23 hrs. a day; he's unable to attend any Religious services; that the Chaplain Service does not offer, provide or extend any Religious material of Plaintiff's Faith/Religion (Plaintiff is a Registered member of the Nation of Islam); Prison does not show video/D.V.D of Plaintiff's Faith/Religion via close circuit television; Chaplain does not provide Plaintiff with any spiritual counsel or advisement.

Plaintiff's only means to stay abreast with his Religious Community and Faith is by purchasing (or having donated) his Religious Community Newspaper: The Final Call Newspaper. Defendants have Repeatedly denied Plaintiffs Religious Newspaper. This has created a substantial burden, that does not serve a governmental (State, Institutional or Virginia Dept. of Corr.) compelling interest. This publication is approved throughout Virginia's Dept. of Correction, since 1989.

Defendants have used frivolous and fallacious reasons to deny Plaintiffs publications; from November 2008 - April 2009

the reason was: "Material whose content could be detrimental to the security, good order, discipline of the facility, or offender rehabilitative efforts or the safety or health of offenders, staff, or others."; since April 2009 the reason has been: "Material that promotes or advocate violence, disorder, insurrection, or terrorist activities against individuals, groups, organizations, the government, or any of its institutions." Prior to November 2008, Plaintiff received publication for 12-13 consecutive weeks - without incident, or problems.

Defendants have produced no substantial proof/evidence to support nor suggest this publication poses a threat to security or safety of institution; its operating orderly, etc. There has been no evidence to support or suggest that this publication advocate/promote violence, insurrection, terrorist activity, etc. Nor has there been any proof/evidence that this publication is a contributing factor in incidents of violence, escapes, riots, assaults, etc. at Red Onion State Prison. Due to this publication having been permitted in Red Onion since 1999, and Virginia's Dept. of Corrections since 1989, this repeated denial does not serve a compelling governmental interest (these same issues are being permitted at other institutions throughout Virginia's Dept of Corrections.)

This format of filing a 42. U.S.C. § 1983 is the appropriate judicial decision, in that, Plaintiff has grieved Defendants decision to deny publication, and the publica-

tion Review Committee (Per Operating Procedure 802.3) A appealed grievance decision to Deputy Director - John Jabe - see Attachments. Plaintiff believes the appeal and grievance procedure within institutional Dept Level is Flawed, and serves to protect each defendant from responsibilities - Administrative.

Plaintiff states, the decision to file a 42 U.S.C. § 1983 - citing 42 U.S.C. § 2000-2(A) is appropriate, correct and the means to address these Constitutional Amendment violations committed by Defendants.

Response to Second Defense:
Plaintiff states, each prisoner confined to the Virginia Dept. of Corrections has a binding right to practice his Faith/Religion - this is outlined in VA.D.O.C. Operating Procedure 841.3 (The Nation of Islam is a Recognized Religious Community within VA-D.O.C.) Plaintiff has a binding right to receive, possess and order Religious material, as outlined in VA.D.O.C. Operating Procedure 802.3 and 802.1.
The Constitution of the State of Virginia Also extend this Right to All VA. Citizens; and those confined within It's Penal institutions. Prisoner does not relinquish his Constitutional Right to practice his Faith/Religion because he is confined - this is detailed in 42 U.S.C. § 2000 - Religious Land Use and Institutionalized Person Act - 2000.

- PG. 5 -

All governing operating procedures of VA.D.O.C. are subdued by and in accordance with U.S. Constitution Amendment 1 and 14, and VA. State Constitution (Section 16). Defendants have violated the rights of Plaintiff, as it relate to repeatedly denying his religious publications, without due process; it created a substantial burden on Plaintiff; defendants decision has been malicious, intentional and does not serve a compelling governmental interest. Plaintiff has a right, as extended and guaranteed by U.S. Constitution Amendment 1; VA. State Constitution (Section 16), and VA.D.O.C. Operating Procedure 841.3 (and 802.3), to practice his Religion/Faith, to include receiving and possessing Religion texts, publication, etc.

Defendants have knowingly, intentional, and maliciously violated the 42 U.S.C. § 2000 Religious Land Use and Institutionalized Person Act 2000, in that it has imposed a substantial burden on the religious exercise of Plaintiff - without due process.

Defendants are sworn agents of the state of Virginia, and has sworn to uphold the law of the state, and those relating to Federal - Const. Amend. 1; for which state law and VA.D.O.C. Operating Procedure are founded. They have errored in judgement and decision, thereby violating Plaintiff's rights.

Response to Third Defense:

Plaintiff states; on or about May 18, 2009, he was advised by the Hon. Michael F. Urbanski, United States Magistrate Judge, to submit statement of supporting facts, including but not limited to the following information: the specific newspaper and/or other religious material that plaintiff is unable to receive at Red Onion State Prison; the date on which each publication was denied; the manner in which plaintiff was notified of the denial; the opportunities plaintiff had to ask his opinion that the publication did not pose a security threat; the conduct that each defendant undertook in violation of his rights; the institutions and time periods in which plaintiff was allowed to receive the publications in the past; specific events or conversations on which plaintiff bases his assertions that the defendants discriminate against him on the basis of his race; the nature of plaintiff's religious beliefs and the specific reasons that denial of the newspaper imposes a burden on plaintiff's ability to practice those beliefs and plaintiff's race. Failure to amend satisfactorily will result in dismissal of the complaint for failure to state a claim upon which relief can be granted....

On June 4, 2009, plaintiff submitted all requested needed information, as stated above; to include grounds upon which relief can be granted; cited case law, submitted information and proof of exhausting all institutional remedies.

Response to Fourth Defense:

Plaintiff states, due to Defendants actions, he has suffered not only mental deprivation, but also spiritual deprivation. Defendant actions have violated Plaintiffs Constitution Amendment 1 Rights, to exercise his Religion/Faith; it has created a substantial burden, in that being confined Plaintiff does not relinquish those Rights and Liberties extended by U.S. Const. Amend #1, and #14; Virginia State Const., and VA.D.O.C. Operating Procedures.

The Final Call newspaper serves as the flagship of the Nation of Islam Religious Community; extending spiritual teachings, guidance and instructions, as based on the teachings of The Most Honorable Elijah Muhammad, as now taught by The Honorable Louis Farrakhan; the newspaper keeps all members and believers/supporters abreast on community fasts, dietary laws, community activities; spiritual teachings/guidance and the progress of the Nation of Islam as a community. This publication is the only means Plaintiff has to stay connected, abreast to his Religious community, at Red Onion, and receive spiritual guidance/instructions from the Honorable Louis Farrakhan.

The reasons Defendants used to deny publications are unfounded, frivolous and does not, in any way serves a governmental interest. (Publication is permitted throughout VA. D.O.C., for 21 yrs., never having one issue denied,

Until Red Onion denied such, in November 2008.) This or these Reasons to deny publications does not Reflect the history, beliefs, practices, theology, philosophy or behaviors of The Nation of Islam Teachings. Defendants actions, have, in fact, caused Plaintiff's irreparable harm; it has denied him the irrefutable and unalienable Right, as guaranteed by U.S. Const. Amend. 1; 42 U.S.C. § 2000 cc-1,2 R.L.U.I.P.A 2000; State - Virginia Constitution (Section 16); and those Operating Procedure of VA. D.O.C. 841.3, 802.3 and 802.1, to practice his Religion/Faith without being substantially burdened. These damages and injuries are knowingly committed by Defendants, in that Plaintiff has offered and submitted defense in his behalf and proved that the claims extended by Defendants are unfounded, frivolous and fallacies.

Defendants are the parties Responsible for the decision to Repeatedly deny Plaintiff's Religious Newspaper; they're equally Responsible, in that Tracy S. Ray (Warden) has allotted these Responsibilities to L. Fleming (Major) and T. Pease (Mailroom Supervisor), to make decisions appropriately, correctly and in accordance with sound institutional policies, state laws and Const. Amend. - As it Relate to Religion Free Exercise Clause and Freedom to the Press. Defendants do not enjoy the right to bar a Prisoners Very Light and means to spiritualization, God, or its path to such.

Response to Fifth Defense:

Plaintiff states, Defendants would assert that what's printed in newspaper is beyond the control of Plaintiff and themselves, and for the reason, they're not responsible. Again, this alleged claim is frivolous, unfounded and an attempt to place the burden on publisher and/or Plaintiff for purchasing it. Plaintiff states, he has received the Final Call Newspaper from June 1994 until November 2008 - without having one issue denied - at four other institutions - within VA. D.O.C. - until Red Onion/Defendants decided to start denying them. The format and message of the Nation of Islam / Final Call Newspaper has been consistent since its first publication - in 1989. The message has never advocated, promoted or advised nor taught violence, gang activity, insurrection, terrorism, terrorist activity, civil unrest, or anything that could suggest being a threat to the security or orderly operations of VA. D.O.C. + to wit: Red Onion State Prison. There has been no proof nor supporting evidence to suggest publication contribute to institutional violence, riots, escapes, assaults, disruptive behavior, attacks on staff, officers, or prisoners. Red Onion is a punitive segregation unit, lockdown 23 hrs. a day - unable to touch other prisoners, staff officers, and/or exchange information/material with other prisoners. (Plaintiff does possess books containing same message/teaching as denied publications.)

- PG. 10 -

Plaintiff states, he submitted all necessary paperwork to be approved to order and receive publication. From July 2008 until Nov. 2008, he receive the publication - weekly. From Nov. 2008 - until this day, Sept. 15 2009, ever issue of paper has been denied; for these allege reasons stated. The same issues denied at Red Onion State Prison are being permitted at other institutions throughout the VA. D.O.C.

The defendants have not produced one iota of proof to substantiate there claims. It has nothing to do with publisher's choice to publish material - its religious material / information. It's neither the choice of the Plaintiff to subscribe to a publication, that, out the "Blue," stated printed information that advocate, promote or teach violence, terrorist activity, insurrection, etc., no, rather, it's been the arbitrarily decision of Defendants to deny - Repeatedly - a once "in good standing" publication that, in 20 yrs., have been - NEVER - have one issued denied in VA. D.O.C.

These acts, on behalf of Defendants have caused damage to Plaintiff, in that, it violated his irrefutable and unalienable rights to practice his Faith/ Religion without being substantially burdened.

Response to Sixth Defense:
Plaintiff states; please refer to enclosed Rebuttal to Defenses #1, #2, #3, #4, #5. Also see submitted information Plaintiff forward to court on June 4, 2009, per requested by the Honorable Michael F. Urbanski.

Response to Seventh Defense:
Plaintiff states; Defendants are the liable parties in this Civil Action. They have abruptly and repeatedly violated Plaintiff's rights to Free Exercise Clause to practice his Faith/Religion - while confined at Red Onion State Prison. There actions and decisions have contributed to these violations, and therefore they are indebted and liable. They have knowingly ignored Plaintiffs rights; collaborated to distort the truth in this matter; they have worked cohesively to deny all grievances and appeals; and now have persuaded their legal counsel to believe they're not liable.
Defendants: Tracy S. Ray (Warden) has allotted and approved all actions by, both, L. Fleming and T. Pease. Tracy S. Ray has denied Plaintiff all applicable rights when he "signed off" and disapproved Plaintiffs grievances. Defendant L. Fleming has fomented this matter, in that, he arbitrarily uses a "Rubber-stamp" to disapprove

- PG. 12 -

publication - without any valid proof/evidence. He's the "Big Boss" of all others at Red Onion, therefore, their "Blue wall" of Loyalty to him trickles down into denials of grievances - at institutional level L. Fleming has received numerous inquiries from Plaintiff - requesting for proof/evidence of such claims, in accordance with Operating Procedure 802.3. He has refused to offer such information (see Attachments). Defendant T. Pease is the pivotal point of this ordeal; she is responsible for assuring that such publication get re-routed to L. Fleming for denial. All Defendants are equally Responsible and are Liable and indebted for the suffering of Plaintiff; as it relate to these enclosed violations.

Response to Eigth Defense:
Plaintiff states; though defendants may be immuned from being being suited on these claims based upon the Eleventh Amendment and the discharge of their official duties, they well can be suited in their individual capacities. Plaintiff states, he has not filed this civil action, in suit of the VA. D.O.C, but rather, against the individuality of each defendant, yet, in Tracy S. Ray. et al.
Each defendant is an agent of the state and enjoy the right of 11th Amendment, however, in their individual

- PG. 13 -

CAPACITIES - NOT AS AN AGENT OF THE STATE. THEY CAN BE HELD LIABLE AND SUITED IN THEIR INDIVIDUAL CAPACITIES FOR THESE VIOLATIONS.

RESPONSE TO NINTH DEFENSE:
PLAINTIFF STATES, though DEFENDANTS ARE, OR MAYBE ENTITLED TO GOOD FAITH, they must EXACT THEIR DUTIES IN ACCORDANCE WITH US. Const Amend., STATE Const. Amend.; STATE LAWS AND those governing policies, procedures OF VA. D.O.C. DEFENDANTS ARE NOT ENTITLED TO ACT RECKLESSLY, UNPROFESSIONALLY, NOR ARBITRARILY INFRINGE UPON PLAINTIFF RELIGIOUS RIGHTS. AS SWORN OFFICERS OF THE STATE AND VA. D.O.C., DEFENDANTS HAVE SWORN TO UPHOLD THE LAW AND NOT RECKLESSLY VIOLATE THEM - IN THE NAME OF GOOD FAITH.
DEFENDANTS DO NOT ENJOY QUALIFIED IMMUNITY, AS IT RELATE TO VIOLATION OF PLAINTIFF U.S. Const. Amend. 1 Rights; THESE UNALIENABLE Rights, GUARANTEED BY SUCH, AND those of 42 U.S.C. § 2000cc: R.L.U.I.P.A.-2000, DEFENDANTS HAVE KNOWINGLY AND VICIOUSLY VIOLATED THESE Rights. THEY HAVE PRODUCED NO SOUND EVIDENCE TO SUPPORT THEIR CLAIMS; DENIED- REPEATEDLY- PLAINTIFFS IN-PRISON REMEDIES; DUE PROCESS; AFTER PLAINTIFF HAS OFFERED IRREFUTABLE EVIDENCE TO REBUT THEIR CLAIMS.
DEFENDANTS ARE OBLIGATED TO UPHOLD THE INTEGRITY AND GOOD NAME OF THE LAW. WHEN THEY HAVE NOT DONE SO,

- PG. 14 -

wrecklessly and maliciously, the relinquish such immunity and shall be held responsible for such gross negligence of the law; which they've sworn to uphold.

**Response to Tenth Defense:**
Plaintiff states, in documents submitted to United States District Court - Western District of Virginia, on June 4, 2009, he exacted the involvement of said Defendants: Tracy S. Ray (Warden); L. Fleming (Major of Security) and T. Pease (Mailroom Supervisor). Plaintiff has establish the role of each defendant, their duties, responsibilities and involvements in these violations. Please refer to said documents.

**Response to Eleventh Defense:**
Plaintiff states, as stated in his rebuttal to Defendants Counsel's Eighth Defense, he is not suiting the state of Virginia, or VA.D.O.C., rather, this case involves the individual violations of Defendants, and seeks to suit Defendants in their individual capacities. Plaintiff states, the State of Virginia, and VA.D.O.C. has mandated these rights to Plaintiff, Defendants have violated them, thereby shall be held, individually responsible.

- PG. 14 -

wrecklessly and maliciously, the relinquish such immunity and shall be held responsible for such gross negligence of the law; which they've sworn to uphold.

**Response to Tenth Defense:**
Plaintiff states, in documents submitted to United States District Court - Western District of Virginia, on June 4, 2009, he exacted the involvement of said Defendants: Tracy S. Ray (Warden); L. Fleming (Major of Security) and T. Pease (Mailroom Supervisor). Plaintiff has establish the role of each defendant, their duties, responsibilities and involvements in these violations. Please refer to said documents.

**Response to Eleventh Defense:**
Plaintiff states, as stated in his rebuttal to Defendants Counsel's Eighth Defense, he is not suiting the state of Virginia, or VA.D.O.C., rather, this case involves the individual violations of Defendants, and seeks to suit Defendants in their individual capacities. Plaintiff states, the State of Virginia, and VA.D.O.C. has mandated these rights to Plaintiff, Defendants have violated them, thereby shall be held, individually responsible.

RESPONSE TO TWELVE DEFENSE:

Plaintiff states, he has exhausted his administrative grievance process on numerous publication denials, by defendants. He has chose to advance and file-on those denials - which substantiate his claims - as cited in original petition. Defendants have repeatedly denied Religious publications, for over ten months, now eleven. The matter has been relentless, yet, unfounded. Plaintiff states, the administrative grievance process at Red Onion State Prison is grossly flawed; bias and intentionally delayed to hinder, suppress and delay prisoner from proceeding with grievances, appeals and ultimately, civil actions. The process is a sham; they work to cover-up each others wrongs and deny prisoners due process - as it relate to producing substantial evidence to validated their claims and allow prisoners to properly defend themselves against such claims. Plaintiff need not exhaust every individual denial form, it need only be, the exhausting of one - if all others are the same. (Plaintiff have/has exhausted on numbers/numerous -- SEE ATTACHMENTS)

Response to Thirteenth Defense:

Plaintiff states; Defendants counsel cited governing policy of VA.D.O.C. 802.3, such documented policy also stipulate; "A publication should be disapproved if it can be reasonably 'documented' contain...." Plaintiff has challenged defendants on the vital and authenticity of their claims. Plaintiff has asked defendants to produce supporting evidence to substantiate such claims. (See Attached documents); which is a part of the Due Process of the Grievance/Appeal process (Operating Procedure 802.3 and 866). Defendants have repeatedly denied Plaintiff's religious publications; citing such claims that; "its disruptive to the orderly operations of prison; and it promote and advocate violence, terrorism and attacks on government, etc." These claims have been vehemently refuted. This publication is approved throughout VA.D.O.C.- never having one issue denied since it's first publishing - 1989; It has never been linked to, associated with or contributed to assaults on staff, officers or prisoners; riots; escapes; disruption to orderly operations to VA.D.O.C. prisons. Rather, its message teach just the opposite. It has been, never, cited by local, state or federal government as a terrorist network (cell), publication. The Nation of Islam has been in America since 1930, and has never advocated or promoted violence and/or terrorism.

- PG. 17 -

Defendants claims are frivolous, fallacious and downright demeaning to Plaintiff's religious beliefs (Defendants are Islam-phobics). Plaintiff is lead to believe, based upon this fact, Defendants motives are beyond policy and procedures, rather, they're racially and religiously motivated. Governing policy of VA. D.O.C. states what Defendants counsel cited, however, Defendants have arbitrarily abolish such and has repeatedly denied Plaintiff's religious publication - without true and sound reasons; his Due Process - which ultimately leads to violation of Plaintiff's U.S. Const. Amend. 1 Rights; VA. Const. Amend. (Section 16) Rights; and all binding liberty interests extended by VA. D.O.C. policies and operating procedures.

Plaintiff also states, the Nation of Islam's philosophy teaches self-reliance, self-determination and an Islamic base - from Holy Quran. This message is strongly disliked by Defendants, whom espouse racial views, behaviors and practices - and express Islamic bigotry.

Plaintiff states; Institutional Chaplain has only visited with and spoke to him once, regarding this matter. Chaplain Mitchell has been reluctant to aid plaintiff in this matter, due to his fear of Defendants he has falsified information - verbally - that would suggest he has

- PG. 18 -

aided Plaintiff. There is no documentational evidence that Chaplain can produce to suggest he has spoken with me on more than one occasion. Again, this are misinformations the Defendants continue to deploy in this matter.

Plaintiff has repeatedly written Chaplain, requesting Nation of Islam Religious material. Chaplain has refused to answer, systematically dodging my requests. Chaplain has never offered, provide nor extended any Nation of Islam Religious/Spiritual counseling to Plaintiff. Chaplain does not show Nation of Islam Video/D.V.D. via close circuit television. Chaplain does not make weekly, bi-monthly, or monthly Rounds into prisoners housing quarters. For these reasons, along with denial of Plaintiff Religious publications, this has created a substantial burden upon Plaintiff; violates his Due P Access Clause; his U.S. Const. Amend. 1 Free Exercise Clause; those Rights of 42 U.S.C. § 2000-cc Religious Land Use and Institutionalized Person Act 2000; VA. State Const. Amend. (Section 16); and all governing policies/procedures of VA. D.O.C. Defendants are the perpetrators in this regard and each shall be held Responsible in their individual capacities.

Respectfully submitted

Kelvin E. Brown

*Mr. Kelvin E. Brown*

Kelvin E. Brown #207902
Red Onion State Prison D-313
P.O. Box 1900
Pound, Virginia 24279

## CERTIFICATE SERVICE

I hereby certify that on the 10th of September 2009, I will submit this Rebuttal to Clerk of Court of U.S. Western District of Virginia and one copy to Counsel of Defendants. I have placed this mail in Institutional mail, on said date, and it become Institutional Mailroom's Responsibility to mail out.

United States District Court
Western District of Virginia
Office of the Clerk
P.O. Box 1234
Roanoke, Virginia 24006